United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEOFFREY PETE,

    Plaintiff,

  v.

CITY OF OAKLAND, a Municipal Corporation, KYLE THOMAS, MIKE MORSE, DAVID KOZICKI, and PEDRO ESPINOZA, individually and in their capacity as Police Officers/Administrators of the Oakland Police Department, DOWNTOWN REALTY COMPANY, INC., and DOES 3–100,

    Defendants.

    /

No. C 09-06097 WHA

**ORDER DENYING LEAVE TO FILE THIRD AMENDED COMPLAINT AND VACATING HEARING**

**INTRODUCTION**

In this civil rights action, plaintiff Geoffrey Pete, moves for leave to file a third amended complaint. For the following reasons, the motion is **DENIED**.

**STATEMENT**

Plaintiff commenced this action in December 2009. The complaint identified as defendants the City of Oakland, and police officers/administrators Kyle Thomas, Mike Morse, David Kozicki and Pedro Espinoza (Dkt. No. 1). A first amended complaint was thereafter filed in May 2010, identifying for the first time Downtown Realty Company, Inc., as a named defendant (Dkt. No. 20).

After the filing of the second amended complaint, defendant Downtown Realty moved to dismiss the sole claim against it pursuant to FRCP 12(b)(6). Downtown Realty's motion was granted (Dkt. No. 48). To date, plaintiff has amended his complaint *three times.* First amended complaint was filed May 26, then a corrected first amended complaint was filed June 8, and the second amended complaint was filed August 12. Both the corrected first amended complaint and second amended complaint were filed pursuant to stipulation from opposing counsel. Plaintiff then filed the instant motion for leave to file a third amended complaint on September 23. Critically, the case management order set a deadline of May 31 by which leave to add new parties or pleading amendments must be sought (Dkt. No. 16). Plaintiff's motion for leave to file a third amended complaint comes nearly four months after the case management deadline expired.

Defendants assert discovery is well under way based on the allegations made in the second amended complaint. The proposed third amended complaint endeavors to add over six additional claims for relief pursuant to California Civil Code Sections 51, 51.5, 51.7, 52, 42 U.S.C. 1981, and Section 17200 of the California Business and Professions Code (Dkt. No. 47). The proposed complaint also resurrects plaintiff's claim against Downtown Realty, which was previously dismissed. Downtown Realty argues that this attempt by plaintiff is frivolous, and requests monetary sanctions against plaintiff and his counsel pursuant to FRCP 11 and FRCP 16(f).

Perhaps persuaded by the force of defendants' opposition briefs, plaintiff requests permission to withdraw the motion to amend with respect to defendant Downtown Realty and requests that Downtown Realty be dismissed without prejudice. Additionally, plaintiff requests in his reply brief to modify the motion to amend with respect to defendants City of Oakland, Kyle Thomas, David Kozicki and Pedro Espinoza. The proposed modifications, alleged in the "alternative third amended complaint," would seek only to add a claim of recovery under 42 U.S.C. 1981 and would reword the factual allegations made in the second amended complaint and the proposed third amended complaint.

2

**ANALYSIS**

**1.    LEAVE TO AMEND.**

Under FRCP 15(a), leave to amend a complaint shall be freely given when justice so requires. FRCP 15(a), however, does not apply when a district court files a pretrial scheduling order that establishes a timetable for amending the pleadings and the deadline expires before a party moves to amend. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The instant motion came after the May 31 deadline, by which leave to add new parties or pleading amendments must be sought. The standard of good cause under FRCP 16(b) thus governs. "This standard primarily considers the diligence of the party seeking the amendment."

Plaintiff has made this analysis much simpler by withdrawing most of his additional claims in the proposed third amended complaint, specifically the claims asserted under California Civil Code Sections 51, 51.5, 51.7, 52, and Section 17200 of the Business and Professions Code. In addition, plaintiff in his reply brief requests the withdrawal of the motion with respect to Downtown Realty, who was previously dismissed from the case. Plaintiff also asserts that he will not pursue any claims against Downtown Realty and requests that Downtown Realty be dismissed without prejudice. Judgment will be entered accordingly pursuant to FRCP 54(b) with respect to Downtown Realty.

Turning to the amendments that plaintiff did not withdraw, plaintiff has failed to show good cause to amend his complaint to add the 42 U.S.C. 1981 claim and the additional factual allegations. Plaintiff has failed to show that any of the newly pleaded allegations were unknown prior to the May 31 deadline to seek leave to amend his complaint. Every proposed amendment in the complaint could have been asserted before the May 31 deadline and no reasons have been presented to show otherwise. In any event, proposing new modifications through a reply brief is not a proper way to request amendments. The motion is **DENIED**.

**2.    SANCTIONS.**

Downtown Realty in its opposition brief requested sanctions pursuant to FRCP 11 and FRCP 16(f). In order to request sanctions pursuant to FRCP 11, the request must be initiated by a separate motion and must describe the specific conduct alleged for sanctions. Downtown Realty

3

requested FRCP 11 sanctions in its opposition brief without filing a separate motion or request. Thus, Downtown Realty has failed to comply with the procedural requirements of FRCP 11 and is not entitled to sanctions under this rule.

FRCP 16(f) states that sanctionable conduct includes "a party's failure to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney fails to participate in good faith." In addition to sanctions, a party or party's attorney may be subject to pay the reasonable expenses incurred because of any noncompliance, including attorney's fees, unless noncompliance is substantially justified. Sanctionable conduct requires "conduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct." Imposition of monetary sanctions which "punishes mere negligence on the part of counsel is not necessary to the orderly functioning of the court system, especially in light of the availability of alternative remedies." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1780 (9th Cir. 1989).

Plaintiff's filing of the instant motion does not amount to recklessness, gross negligence, repeated flouting of court rules or willful misconduct. Downtown Realty's request for monetary sanctions pursuant to FRCP 16(f) is **DENIED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file third amended complaint is **DENIED**. The hearing previously set for October 28, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 21, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4